UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FREDRICK LYNWOOD FOLEY,
Plaintiff-Appellant,

v.

No. 97-6013

SERGEANT SANTIAGO; MS. WOOD,
Property Control; LIEUTENANT COOK,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CA-96-254-R)

Submitted: May 20, 1997

Decided: June 3, 1997

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Fredrick Lynwood Foley, Appellant Pro Se. Lance Bradford Leggitt,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Rich-
mond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Fredrick Lynwood Foley, a Virginia inmate, appeals the district court's dismissal without prejudice of his complaint filed under 42 U.S.C. § 1983 (1994). Foley's complaint was dismissed for failure to comply with the court's orders that Foley provide evidence of exhaustion of his administrative remedies pursuant to 42 U.S.C.A. § 1997e (West Supp. 1997). Foley alleged in his § 1983 complaint that one of the Defendants removed a gold cross from his cell while he was in isolation. He pursued his grievance against that Defendant through the first of two administrative levels, but he did not assert in his grievance any claims against the remaining Defendants.

The district court ordered Foley to provide evidence of exhaustion of his administrative remedies or an explanation of why he could not exhaust. See 42 U.S.C.A. § 1997e (West Supp. 1997). Foley submitted a pleading stating that he had been transferred to another prison and was unable to exhaust. Nevertheless, the district court dismissed Foley's complaint for failure to comply with its orders regarding exhaustion of his administrative remedies.

Because Foley's transfer left him with no administrative remedy, the district court may have abused its discretion in dismissing for failure to exhaust under § 1997e. However, upon review of the merits of Foley's § 1983 complaint, we find that he has failed to state a cognizable claim. When the deprivation of a prisoner's personal property results from a random, unauthorized act of a state employee, procedural due process is satisfied if there is an adequate state post-deprivation remedy available.[1] Here, the Virginia Tort Claims Act provides an adequate state remedy for conversion of an inmate's personal property.[2] Because there is an adequate state remedy, we find that Foley's complaint lacks merit. We affirm on that basis. See generally 42 U.S.C.A. § 1997e(c)(2). We dispense with oral argument

_____

[1] See **Hudson v. Palmer**, 468 U.S. 517, 533-34 (1984).
[2] See Va. Code Ann. § 8.01-195-3 (Michie 1992 & Supp. 1997); Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985).

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED